SUMMARY ORDER

Petitioner Amadou Sow, a native and citizen of Guinea, seeks review of the August 21, 2008 order of the BIA affirming *67 the June 26, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Amadou Sow, No. A 098 775 576 (B.I.A. Aug. 21, 2008), aff'g No. A 098 775 576 (Immig. Ct. N.Y. City June 26, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Chian v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, in his brief, Sow does not challenge the IJ’s findings that: (1) there was a discrepancy within his testimony where he stated that he was able to leave Guinea using his own passport, but he also stated that the government was looking for him; (2) there was a discrepancy within his testimony where he stated the government sought his whereabouts, but he also testified that he had not held a public position and did not have an important role in the Rally for the People of Guinea Party; (3) there was a discrepancy within his testimony regarding statements he made at the U.S. Embassy in Guinea to obtain his visa; (4) he failed to provide certain corroborative documentation regarding his political affiliation and the medical treatment that he allegedly received in Guinea due to his injuries; and (5) a letter from his wife was unauthenticated and omitted any mention that his father was imprisoned in Guinea. Thus, he has waived any challenge to those findings, Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), and they stand as valid bases for the IJ’s adverse credibility determination, see Shunfu Li v. Mukasey, 529 F.3d 141, 146-47 (2d Cir.2008).
Arguably, the findings Sow fails to challenge alone constitute substantial evidence for the agency’s credibility determination. Nonetheless, with respect to the findings that Sow does challenge, the IJ properly found that there were implausible aspects of Sow’s testimony regarding his father’s purported imprisonment in Guinea. Although Sow offered explanations that were responsive to the IJ’s implausibility finding, no reasonable factfinder would be compelled to credit them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Moreover, the IJ did not err in assigning limited probative weight to the medical records from a U.S. doctor that Sow submitted in support of his asylum application. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006).
To the extent Sow challenges the IJ’s other credibility findings, we decline to consider these arguments. Even if the IJ’s remaining findings were in error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. Xiao Ji Chen, 471 F.3d at 339. Ultimately, because substantial evidence supported the IJ’s adverse credibility determination, the IJ properly denied Sow’s application for asylum and withholding of removal relief where the only evidence that he would be persecuted depended on his credibility. *68 See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). In addition, Sow waives any challenge to the agency’s denial of his application for CAT relief. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).